%AO 245B (CASD) (Rev. 4/14) Judgment in a Criminal Case
Sheet 1



# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| v. | (For Offenses Committed On or After November 1, 1987) |
| Michael William Lutts -1 | Case Number: 14-cr-02542-JAH-1 |
| | Stephen Edward Hoffman |
| | Defendant's Attorney |

**REGISTRATION NO.** 48103298

☒ Modification regarding Restitution Order (18 U.S.C. § 3664)

THE DEFENDANT:
☒ pleaded guilty to count(s) One , 16 and 17 of the Superseding Indictment.
☐ was found guilty on count(s)_____
after a plea of not guilty.
Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| **Title & Section** | **Nature of Offense** | **Count Number(s)** |
|---|---|---|
| 18:2251(a),(e); 18:2252(a)(2); 18:2253(a),(b) | Sexual Exploitation of a Minor; Distribution of Images of Minors Engaged In Sexually Explicit Conduct. | 1, 16, 17 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.
☐ The defendant has been found not guilty on count(s)
☐ Count(s) remaining _____ is ☐ are ☒ dismissed on the motion of the United States.
☒ Assessment: $100.00 waived as to each count.

☒ No fine     ☐ Forfeiture pursuant to order filed  12/7/15 , included herein.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

December 7, 2015
Date of Imposition of Sentence

HON. JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE

14-cr-02542-JAH-1

AO 245B (CASD) (Rev. 4/14)   Judgment in a Criminal Case
    Sheet 2 — Imprisonment

Judgment — Page __2__ of __6__

DEFENDANT: Michael William Lutts -1
CASE NUMBER: 14-cr-02542-JAH-1

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of

Ct 1s: thirty years, consecutive as to all counts,
Ct 16s: twenty years, consecutive as to all counts,
Ct 17s: thirty years, consecutive as to all counts. and consecutive to any sentence in CA State case CD261918.

☐ Sentence imposed pursuant to Title 8 USC Section 1326(b).

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before _____

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

14-cr-02542-JAH-1

AO 245B (CASD) (Rev. 4/14) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page __3__ of __6__

DEFENDANT: Michael William Lutts -1
CASE NUMBER: 14-cr-02542-JAH-1

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :
Life, consecutive as to all counts.

      The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

*For offenses committed on or after September 13, 1994:*

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than __4__ drug tests per month during the term of supervision, unless otherwise ordered by court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

☒ The defendant shall cooperate in the collection of a DNA sample from the defendant, pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000, pursuant to 18 USC sections 3563(a)(7) and 3583(d).

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (Check if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

      If this judgment imposes a fine or restitution obligation, it is a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in this judgment.

      The defendant must comply with the standard conditions that have been adopted by this court. The defendant shall also comply with any special conditions imposed.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**14-cr-02542-JAH-1**

AO (Rev. 9/00) Judgment in a Criminal Case Sheet 3     Judgment—Page 4 of 6
— Continued 2 — Supervised Release

Defendant: Michael William Lutts
CASE NUMBER: 14-cr-02542-JAH-1

## SPECIAL CONDITIONS OF SUPERVISION

1. Submit your person, property, house, residence, office, vehicle, papers, computer, social media accounts and or other electronic communications or data storage devices or media, and effects to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of probation/supervised release or unlawful conduct, and otherwise in the lawful discharge of the officer's duties. 18 U.S.C. §§ 3563 (b)(23); 3583 (d)(3).

2. Consent to third party disclosure to any employer, potential employer, concerning any restrictions that are imposed by the court.

3. Not use or possess devices which can communicate data via modem or dedicated connection and may not have access to the Internet without prior approval from the court or the probation officer. The offender shall consent to the installation of systems that will enable the probation officer to monitor computer use on any computer owned or controlled by the offender. The offender shall pay for the cost of installation of the computer software.

4. Not knowingly associate with, or have any contact with any known sex offenders unless in an approved treatment and/or counseling setting.

5. Not have any contact, direct or indirect, either telephonically, visually, verbally or through written material, or through any third-party communication, with the victim or victim's family, without prior approval of the probation officer.

6. Not have contact with any child under the age of 18, unless in the presence of a supervising adult (who is aware of the defendant's deviant sexual behavior and conviction), and with the prior approval of the probation officer.

7. Not accept or commence employment or volunteer activity without prior approval of the probation officer, and employment should be subject to continuous review and assessment by the probation officer.

8. Not loiter within 200 yards of a school, schoolyard, playground, park, amusement center/park, public swimming pool, arcade, daycare center, carnival, recreation venue, library and other places primarily frequented by persons under the age of 18, without prior approval of the probation officer.

9. Not possess any materials such as videos, magazines, photographs, computer images or other matter that depicts "sexually explicit conduct" involving children and/or adults, as defined by 18 U.S.C. § 2256(2); "actual sexually explicit conduct" involving adults as defined by USC:2257(h)(I), and not patronize any place where such materials or entertainment are the primary material or entertainment are available.

Page 5

Defendant: Michael William Lutts

CASE NUMBER: 14-cr-02542-JAH-1

10. Complete a sex offender evaluation, which may include periodic psychological, physiological testing, and completion of the ABEL assessment, at the direction of the court or probation officer; and that the offender participate and successfully complete an approved state-certified sex offender treatment program, including compliance with treatment requirements of the program. The offender will allow reciprocal release of information between the probation officer and the treatment provider. The offender may also be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on ability to pay.

11. Reside in a residence approved in advance by the probation officer, and any changes in residence shall be pre-approved by the probation officer.

12. Be monitored while under supervision with location monitoring technology at the discretion of the probation officer, which shall be utilized for the purposes of verifying compliance with any court-imposed condition of supervision. The offender shall pay all or part of the costs of location monitoring based on their ability to pay as directed by the court and/or probation officer.

13. Participate in a program of drug or alcohol abuse treatment, including urinalysis or sweat patch testing and counseling, as directed by the probation officer. Allow for reciprocal release of information between the probation officer and the treatment provider. May be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on ability to pay.

14. Participate in a program of mental health treatment as directed by the probation officer, take all medications as prescribed by a psychiatrist/physician, and not discontinue any medication without permission. The court authorizes the release of the presentence report and available psychological evaluations to the mental health provider, as approved by the probation officer. Allow for reciprocal release of information between the probation officer and the treatment provider. May be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on ability to pay.

15. Report all vehicles owned or operated, or in which you have an interest, to the probation officer.

AO 245S  Judgment in Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page 6 of 6

DEFENDANT: Michael William Lutts
CASE NUMBER: 14-cr-02542-JAH-1

# RESTITUTION

The defendant shall pay restitution in the amount of  $24,284.09  unto the United States of America.

This sum shall be paid ___ immediately.
             _X_ as follows:

Pay restitution in the amount of $24,284.09. To the Clerk of the District Court forthwith. Or by paying through the inmate financial program, in the amount of $25 a month, or 50 percent of earnings, whichever is higher until the debt is paid.

United States collections unit may attempt to collect by way of any property owned until this restitution order is satisfied.

The Court has determined that the defendant  does not  have the ability to pay interest. It is ordered that:

_X_  The interest requirement is waived.

___  The interest is modified as follows:

14-cr-02542-JAH-1



FILED
DEC 0 7 2015
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                          DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 14cr2542-JAH |
|---|---|
| Plaintiff, | PRELIMINARY ORDER OF CRIMINAL FORFEITURE |
| v. | |
| MICHAEL WILLIAM LUTTS, aka mykl501@pacbell.net, | |
| Defendant. | |

WHEREAS, in the Superseding Indictment in the above-captioned case, the United States sought forfeiture of all right, title and interest in specific properties of the above-named Defendant, MICHAEL WILLIAM LUTTS ("Defendant"), pursuant to Title 18, United States Code, Sections 2253 and 2254 as properties involved in the commission of the violation of Title 18, United States Code, Sections 2251(a) and 2252(a)(2), as charged in the Superseding Indictment; and

WHEREAS, on or about January 29, 2015, Defendant pled guilty before Magistrate Judge Jill L. Burkhardt to Counts 1, 16 and 17 of the Superseding Indictment, which plea included consents to the forfeiture allegations of the Indictment, including forfeiture of the following:

(1) Computer images and printed images determined by law enforcement to depict minors engaging in sexually explicit conduct;

(2) The items, equipment, computers, disks, and media seized by law enforcement during the investigation of the offenses to which the Defendant is pleading guilty; and

(3) That real property located at 4972 Tierra Baja Way, San Diego, California 92115, legally described as:

**ASSESSORS PARCEL NO. 466-361-07-00**

LOT 64 OF CAMPANILE TERRACE UNIT NO. 3, IN THE CITY OF SAN DIEGO ACCORDING TO THE MAP THEREOF NO. 3454, FILED IN THE OFFICE OF THE COUNTY RECORDER OF SAN DIEGO COUNTY ON JULY 3, 1956; and

WHEREAS, on February 24, 2015, this Court accepted the guilty plea of Defendant; and

WHEREAS, by virtue of the facts set forth in the plea agreement, the United States has established the requisite nexus between the forfeited properties and the offense; and

WHEREAS, by virtue of said guilty plea, the United States is now entitled to possession of the above-referenced properties and to sell the real property forthwith, pursuant to 18 U.S.C. § 2253(a) and (b), 21 U.S.C. § 853 and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and

WHEREAS, pursuant to Rule 32.2(b), the United States having requested the authority to take custody and control of the above-referenced properties which were found forfeitable by the Court and to sell the real property forthwith on an expedited basis based upon the Defendant's default on the payments secured by a deed of trust in favor of a third party; and

WHEREAS, the United States, having submitted the Order herein to the Defendant through his attorney of record, to review, and no objections having been received;

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Based upon the guilty plea of the Defendant, the United States is hereby authorized to take custody or control of the following assets, and all right, title and interest of Defendant MICHAEL WILLIAM LUTTS in the following properties are

1 hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n):

    (1) Computer images and printed images determined by law enforcement to depict minors engaging in sexually explicit conduct;

    (2) The items, equipment, computers, disks, and media seized by law enforcement during the investigation of the offenses to which the Defendant is pleading guilty;

    (3) Real property located at 4972 Tierra Baja Way, San Diego, California 92115, legally described as Assessor's Parcel Number: 466-361-07-00, legally described as LOT 64 OF CAMPANILE TERRACE UNIT NO. 3, IN THE CITY OF SAN DIEGO ACCORDING TO THE MAP THEREOF NO. 3454, FILED IN THE OFFICE OF THE COUNTY RECORDER OF SAN DIEGO COUNTY ON JULY 3, 1956.

2. The aforementioned assets in item (1) are in the custody of the Federal Bureau of Investigation and will be disposed of according to law. The assets in item (2) are to be held by the United States Marshals Service ("USMS") in its secure custody and control pending ancillary proceedings as described in paragraphs 4-8 below.

3. As to the real property described above, the real property located at 4972 Tierra Baja Way, San Diego, California 92115, legally described as:

**ASSESSORS PARCEL NO. 466-361-07-00**

LOT 64 OF CAMPANILE TERRACE UNIT NO. 3, IN THE CITY OF SAN DIEGO ACCORDING TO THE MAP THEREOF NO. 3454, FILED IN THE OFFICE OF THE COUNTY RECORDER OF SAN DIEGO COUNTY ON JULY 3, 1956 ("the real property"),

the *USMS is authorized and directed to take immediate custody and control of the real property, and sell it forthwith on an expedited basis*, based upon the default by the Defendant on payments on the promissory note secured by a deed of trust in favor of a third party. The USMS shall take immediate action to conduct a sale of the real property with the net proceeds of sale, after payment of costs of sale and payment of any valid prior liens, forfeited to the United States at the conclusion of any ancillary proceedings. The Defendant is ordered and directed to cause the immediate vacating

1  of the real property, if it is currently occupied, upon the signing of this order.
2  Defendant is further directed to provide the keys, all access codes and any records
3  relating to the forfeited real property directly to the USMS. The USMS is further
4  authorized to remove any tenant or third party and to take all other actions to protect
5  and preserve the property pending sale.

6    4. Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized
7  to begin proceedings consistent with any statutory requirements pertaining to
8  ancillary hearings and rights of third parties.

9    5. Pursuant to the Attorney General's authority under Section 853(n)(1) of
10  Title 21, United States Code, Rule 32.2(b)(6), Fed. R. Crim. P., and Rule G(4) of the
11  Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions,
12  the United States forthwith shall publish for thirty (30) consecutive days on the
13  Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of
14  the United States' intent to dispose of the above-referenced properties in such manner
15  as the Attorney General may direct, and notice that any person, other than the
16  Defendant, having or claiming a legal interest in the forfeited properties must file a
17  petition with the Court within thirty (30) days of the final publication of notice or of
18  receipt of actual notice, whichever is earlier.

19    6. This notice shall state that the petition shall be for a hearing to
20  adjudicate the validity of the petitioner's alleged interest in the property, shall be
21  signed by the petitioner under penalty of perjury, and shall set forth the nature and
22  extent of the petitioner's right, title or interest in the forfeited property and any
23  additional facts supporting the petitioner's claim and the relief sought.

24    7. The United States may also, to the extent practicable, provide direct
25  written notice to any person known to have alleged an interest in the properties that
26  are the subject of the Preliminary Order of Criminal Forfeiture, as a substitute for
27  published notice as to those persons so notified.
28  //

8. Upon adjudication of all third-party interests, this Court will enter an Amended Order of Forfeiture pursuant to 21 U.S.C. § 853(n) as to the aforementioned assets, in which all interests will be addressed.

9. Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgment.

DATED: February 25, 2015

JOHN A. HOUSTON
United States District Judge

- 5 -

14cr2542