UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WILLIAM LUTTS,<br><br>                            Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                          Respondent. | Case No.: 3:14-cr-02542-JAH<br><br>**ORDER DENYING PETITION TO VOID JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(b)(4)**<br><br>[Doc. No. 73] |

## INTRODUCTION

Pending before the Court is Petitioner's, Michael William Lutts ("Petitioner"), Petition to Void Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(4) (the "Petition"). Doc. No. 73. After a thorough review of the record, and for the reasons set forth below, the Court DENIES the Petition.

## BACKGROUND

On January 29, 2015, Petitioner pled guilty to Counts 1, 16, and 17 of the Superseding Indictment charging him with sexual exploitation of a minor and distribution of child pornography in violation of 18 U.S.C. §§ 2251(a) and 2252 (a)(2). Doc. Nos. 27,

1

29. On December 10, 2015, the Court entered Judgment and sentenced Petitioner to thirty (30) years for Count 1, twenty (20) years for Count 16, and thirty (30) years for Count 17, consecutive as to all counts. Doc. No. 52 ("Original Judgment"). The Court set the restitution hearing for February 19, 2016 (Doc. No. 50), during which the Court ordered "$24,284.09 payable to the Clerk, U.S. District Court or by paying through the inmate financial program, in the amount of $25 a month, or 50% of earning, which ever is higher, until the debt is paid." Doc. No. 60. Following the restitution hearing, on March 9, 2016, the Court ordered an Amended Judgment reflecting the amount of restitution and the details regarding the payment schedule. Doc. Nos. 60, 61 ("Amended Judgment") at 6. On December 6, 2017, the Court entered a subsequent Amended Judgment modifying the restitution portion of the order only with respect to the recipient of the restitution. Doc. No. 70 ("Second Amended Judgment").

On May 20, 2020, Petitioner filed the instant motion to void judgment pursuant to Federal Rule of Civil Procedure 60(b)(4). Petitioner argues that under Federal Rule of Criminal Procedure 35(a), this Court was without jurisdiction to enter the Second Amended Judgment[1] because the amendment occurred more than 14 days after the original judgment. Petition at 2-3. As a result, Petitioner asks this Court to void the Second Amended Judgment and reinstate the Original Judgment from December 10, 2015. *Id.*

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 60(b)(4),[2] "the court may relieve a party or its legal representative from a final judgment, order, or proceeding" if "the judgment is

---

[1]  The Court notes that Petitioner does not take issue with the Amended Judgment, in which this Court ordered $24,284.09 in restitution. Doc. No. 61.

[2]  Because the Federal Rules of Criminal Procedure contain no counterpart to Rule 60(b) of the Federal Rules of Civil Procedure, the Court may consider Rule 60(b) with respect to a criminal proceeding. *See United States v. Rubio*, 727 F.2d 786, 799 (9th Cir. 1983) ("We cannot conceive that Congress intended, by failing to provide a criminal counterpart to Fed.R.Civ.P. 60(b), to strip a court of its inherent jurisdiction to vacate or modify an order inadvertently made through mistake in a criminal proceeding.").

void[.]"  "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010) (citations omitted).  "Federal courts considering Rule 60(b)(4) motions that assert a judgment is void because of a jurisdictional defect generally have reserved relief only for the exceptional case in which the court that rendered judgment lacked even an 'arguable basis' for jurisdiction." *Id.* (citations omitted).  Further, "[a] motion under Rule 60(b) must be made within a reasonable time . . . ." Fed. R. Civ. P. 60(c)(1).  "What constitutes 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties." *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981).

## DISCUSSION

As a threshold matter, this Court finds that Petitioner waited an unreasonable amount of time to file this motion based upon the facts of this case.  Here, the Second Amended Judgment was entered by the Court on December 6, 2017.  Petitioner then waited until May 20, 2020—nearly two and a half years—to file the instant motion, without providing any rationale as to his delay.  *See generally* Petition.  Taking into consideration the Court's interest in finality, and without further explanation by Petitioner as to his two-and-a-half-year delay in filing this motion, the Court finds Petitioner's delay unreasonable under Rule 60.  *See e.g.*, *In re Phenylpropanolamine (PPA)*, 318 F. App'x 451, 453 (9th Cir. 2008) (affirming district court's finding that a "two-year delay in seeking relief from the order of dismissal was unreasonable"); *Williams v. Mayberg*, 2007 WL 1238733, at *1 (N.D. Cal. Apr. 27, 2007) ("the Court finds the filing of a motion almost two and a half years after judgment . . . is not within 'a reasonable time'").

However, even assessing Petitioner's arguments on the merits, this Court is unpersuaded.  Petitioner's reliance on Fed. R. Crim. Pr. 35(a)—permitting the Court to "correct a sentence that resulted from arithmetical, technical, or other clear error" "[w]ithin

14 days after sentencing"—is misplaced. Indeed, the Court never corrected Petitioner's *sentence*, but rather corrected a *clerical error* thereby invoking Fed. R. Crim. Pr. 36, which prescribes that the Court may "at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." *See also United States v. Penna*, 319 F.3d 509, 513 (9th Cir. 2003) ("Rule 36 is a vehicle for correcting *clerical* mistakes . . . .") (emphasis in original). The Court finds *United States v. Catledge* instructive in its application of Rule 36. 2020 WL 4334897 (N.D. Cal. July 28, 2020). In that case, the district court found failure to include a victim's name on a restitution schedule to be a clerical error for purposes of Rule 36. *Id.* at \*2 ("the Court finds the inadvertent omission of [the victim's] name and loss from the Restitution Schedule constitutes a clerical error for purposes of Rule 36"). Consequently, the Court corrected the restitution schedule attached to the second amended judgment. *Id.*

So too here. The Second Amended Judgment simply modified the Amended Judgment to include the victim, E.B. (who was not previously identified in the Amended Judgment), as the recipient of the restitution amount. *Compare* Amended Judgment ("To the Clerk of the District Court. . . ."), *with* Second Amended Judgment ("**To E.B.** through the Clerk of the District Court . . . .") (emphasis added). No changes were otherwise made to the Second Amended Judgment. Indeed, like in *Catledge*, the failure to include the victim's name in the Amended Judgment here was a clerical error for purposes of Rule 36.

The Court therefore finds it was appropriate to order the Second Amended Judgment.

## CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that Petitioner's Petition to Void Judgment is DENIED.

DATED: February 6, 2024

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE